UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOUGLAS B. STALLEY, as Personal
Representative of the Estate of
JOSE GREGORY VILLEGAS and on
behalf of ZV and DV, minor children
of the deceased,

        Plaintiff,

v.

SHEILA CUMBIE; individually, and in her
capacity as Warden for the LAKE
CORRECTIONAL INSTITUTION; FLORIDA
DEPARTMENT OF CORRECTIONS, an agency
of the State of Florida; MILTON GASS,
individually, and in his capacity as Lieutenant
for the LAKE CORRECTIONAL INSTITUTION;
ANTHONY KEY, individually, and in his capacity
as Sergeant for the LAKE CORRECTIONAL
INSTITUTION; HENRY FENDER, individually,
and in his capacity as Sergeant for the
LAKE CORRECTIONAL INSTITUTION; SCOTT
AKE, individually, and in his capacity as Sergeant
for the LAKE CORRECTIONAL INSTITUTION;
ANILDAT AMRIT, individually, and in his capacity
as Sergeant for the LAKE CORRECTIONAL
INSTITUTION; BRENT McBRIDE, individually,
and in his capacity as Correctional Officer for
the LAKE CORRECTIONAL INSTITUTION;
WILLIAM SMITH, individually, and in his capacity
as Correctional Officer for the LAKE CORRECTIONAL
INSTITUTION; DALTON TIFFT, individually,
and in his capacity as Correctional Officer for
the LAKE CORRECTIONAL INSTITUTION;
ALAN PERROTTA, individually, and in his capacity
as Correctional Officer for the LAKE CORRECTIONAL
INSTITUTION; DONALD FOSTER, individually,
and in his capacity as Correctional Officer for
the LAKE CORRECTIONAL INSTITUTION; JAMES
DISANO, individually, and in his capacity as a
Captain for the LAKE CORRECTIONAL INSTITUTION;
SHAWN LEE, individually, and in his capacity as
Captain for the LAKE CORRECTIONAL INSTITUTION,

CASE NO.:

Defendants.
_____/

## NOTICE OF REMOVAL AND
## INCORPORATED MEMORANDUM OF LAW

Defendants, MILTON GASS, individually, and in his capacity as Lieutenant for the LAKE CORRECTIONAL INSTITUTION; ANTHONY KEY, individually, and in his capacity as Sergeant for the LAKE CORRECTIONAL INSTITUTION; HENRY FENDER, individually, and in his capacity as Sergeant for the LAKE CORRECTIONAL INSTITUTION; WILLIAM SMITH, individually, and in his capacity as Correctional Officer for the LAKE CORRECTIONAL INSTITUTION; ALAN PERROTTA, individually, and in his capacity as Correctional Officer for the LAKE CORRECTIONAL INSTITUTION; DONALD FOSTER, individually, and in his capacity as Correctional Officer for the LAKE CORRECTIONAL INSTITUTION; SHAWN LEE, individually, and in his capacity as Captain for the LAKE CORRECTIONAL INSTITUTION, (hereinafter "Defendants"), by and through undersigned counsel, give notice of the removal to this Court of the case styled *DOUGLAS B. STALLEY, as Personal Representative of the Estate of JOSE GREGORY VILLEGAS and on behalf of ZV and DV, minor children of the deceased v. Sheila Cumbie, et al., Case No.:* 35-2019-CA-000635, filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. As grounds for this removal, Defendants state the following:

1.  Plaintiff, Douglas B. Stalley, as Personal Representative of the Estate of Jose Gregory Villegas and on behalf of ZV and DV, minor children of the deceased, (hereinafter "Plaintiff") brought this action against Defendants. The action was originally filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

2. In the operative four-count Complaint, filed on March 22, 2019 the Plaintiff, in Counts II, III and IV purports to assert a federal constitutional law claims against Defendants by and through 42 U.S.C. § 1983.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws or treaties of the United States.

4. Plaintiff has also alleged claims under Florida law in Count I of the Complaint. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). These state law claims are so related to the claims under which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.

5. This Notice of Removal is filed with this Court within thirty (30) days of receipt of Plaintiff's Complaint, the first "paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Defendants consent to the removal to federal court and have filed with this Court a separate notice containing their consents.

7. Venue is proper in the Ocala Division of the Middle District of Florida because the case is being removed from the Fifth Judicial Circuit in and for Lake County, Florida. *See* 28 U.S.C. 1441(a) and 1446(a).

8. Defendants have filed a Notice of Filing Notice of Removal with the Clerk of Court for the Circuit Court in and for Lake County, Florida, pursuant to 28 U.S.C. § 1446(d).

9.  Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), and Middle District of Florida Local Rule 4.02(b), copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court are being filed concurrently herewith.

**MEMORANDUM OF LAW**

**I.  Background**

This lawsuit arises out of alleged constitutional law violations under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution brought by Plaintiff, Douglas B. Stalley, as Personal Representative of the Estate of Jose Gregory Villegas and on behalf of ZV and DV, minor children of the deceased, (Counts II, III and IV), along with a pendant state law claims for negligence (Count I).

**II.  Federal Question Jurisdiction**

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Section 1331 and the pertinent parts of § 1343 state as follows:

§ 1331. Federal question.

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

§ 1343. Civil rights and elective franchise.

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:…

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Because Counts II, III, and IV of the pending Complaint allege federal claims, constitutional law against the individually named Defendants, both in their official and individual capacity, all pursuant to 42 U.S.C. § 1983. This Court has original jurisdiction of this action.

### IV.  Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. § 1441. That provision states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Given that this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), this case may be removed from pursuant to 28 U.S.C. § 1441. Defendants are filing this Notice of Removal which complies with the requirements of 28 U.S.C. § 1446(a) by setting forth a short and plain statement of the grounds for removal. Additionally, and pursuant to Local Rule 4.02(b), copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court are being provided to the Court and filed concurrently herewith.

### V.  Timeliness of Removal

A notice of removal of a civil action must be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. 28 U.S.C. § 1446(b)(1). This case became removable upon the service of Plaintiff's Complaint which, asserted federal causes of

action against Defendants. Plaintiff's Complaint was served on May 7, 2019. Accordingly, this Notice of Removal is timely.

### VI. Supplemental Jurisdiction over State Law Claims.

Pursuant to 28 U.S.C. § 1367(a):

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. 28 U.S.C. § 1367(a).

Plaintiff has alleged a state law claim in Count I for negligence against Defendant Florida Department of Corrections and warden Sheila Cumbie. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). This claim arises from the exact same factual circumstances that form the basis for the federal claims. The state law claim is therefore so related to the claims under which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. Accordingly, Defendants request that this Court accept supplemental jurisdiction as to the state law claim set forth in Plaintiff's Complaint.

WHEREFORE, Defendants, remove this action from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367 and 1441.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2019, a true and correct copy of the foregoing has been filed with the U.S. District Court, Middle District of Florida, and a copy was served via email on: Alan H. Landerman, Esq., Colling, Gilbert, Wright & Carter, 801 N. Orange Avenue, Suite 830, Orlando, FL  32801, certificateofservice@thefloridafirm.com; alanderman@thefloridafirm.com; ckeep@thefloridafirm.com, Attorney for Plaintiff.

  /s/  Jeffrey S. Weiss, Esquire
JEFFREY S. WEISS, ESQUIRE
Florida Bar No.:  750565
Primary email:        jweiss@orlandolaw.net
Secondary email:     cmeeks@orlandolaw.net
                     llandry@orlandolaw.net
Garganese, Weiss, D'Agresta & Salzman, P.A.
111 N. Orange Avenue, Suite 2000
Orlando, Florida  32801
Tel: 407-425-9566/Fax: 405-415-95965
Attorney for Defendants